NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RONNIE DAVIS, | : | |
| Plaintiff, | : | Civil Action No. 13-3028 (RMB) |
| v. | : | |
| CUMBERLAND COUNTY DEPARTMENT OF CORRECTIONS et al., | : | **MEMORANDUM OPINION AND ORDER** |
| | : | **APPLIES TO ALL ACTIONS** |
| Defendants. | : | |
| RONNIE DAVIS, | : | |
| Plaintiff, | : | Civil Action No. 13-3791 (RMB) |
| v. | : | |
| WARDEN BALICKI et al., | : | |
| Defendants. | : | |
| RONNIE DAVIS, | : | |
| Plaintiff, | : | Civil Action No. 13-3792 (RMB) |
| v. | : | |
| GENEAN DOYLE, | : | |
| Defendant. | : | |
| RONNIE DAVIS, | : | |
| Plaintiff, | : | Civil Action No. 13-3793 (RMB) |
| v. | : | |
| REBECCA HANNAH, | : | |
| Defendant. | : | |

. . . continued

. . . continued

```
_____
                                :
RONNIE DAVIS,                   :
                                :
            Plaintiff,          :   Civil Action No. 13-3794 (RMB)
      v.                        :
                                :
JEANNINE WILTSEY,               :
                                :
            Defendant.          :
_____:
                                :
RONNIE DAVIS,                   :
                                :
            Plaintiff,          :   Civil Action No. 13-3795 (RMB)
      v.                        :
                                :
FRANK GREEN et al.,             :
                                :
            Defendants.         :
_____:
                                :
RONNIE DAVIS,                   :
                                :
            Plaintiff,          :   Civil Action No. 13-3796 (RMB)
      v.                        :
                                :
OFFICER ARMSTRONG et al.,       :
                                :
            Defendants.         :
_____:
                                :
RONNIE DAVIS,                   :
                                :
            Plaintiff,          :   Civil Action No. 13-3797 (RMB)
      v.                        :
                                :
SGT. WRONYON et al.,            :
                                :
            Defendants.         :
_____:
```

. . . continued

. . . continued

```
                                    :
RONNIE DAVIS,                       :
                                    :
            Plaintiff,              :   Civil Action No. 13-4233 (RMB)
        v.                          :
                                    :
RICH BROWN,                         :
                                    :
            Defendant.              :
                                    :
                                    :
RONNIE DAVIS,                       :
                                    :
            Plaintiff,              :   Civil Action No. 13-4234 (RMB)
        v.                          :
                                    :
OFFICER MACCORI,                    :
                                    :
            Defendant.              :
                                    :
                                    :
RONNIE DAVIS,                       :
                                    :
            Plaintiff,              :   Civil Action No. 13-4235 (RMB)
        v.                          :
                                    :
MOSSES REOS,                        :
                                    :
            Defendant.              :
                                    :
                                    :
RONNIE DAVIS,                       :
                                    :
            Plaintiff,              :   Civil Action No. 13-4236 (RMB)
        v.                          :
                                    :
SGT. ORTIZ,                         :
                                    :
            Defendants.             :
                                    :
```

. . . continued

```
. . . continued
_____
                              :
RONNIE DAVIS,                 :
                              :
            Plaintiff,        :   Civil Action No. 13-4237 (RMB)
      v.                      :
                              :
OFFICER VOHLAND,              :
                              :
            Defendant.        :
_____:
                              :
RONNIE DAVIS,                 :
                              :
            Plaintiff,        :   Civil Action No. 13-4606 (RMB)
      v.                      :
                              :
CORIZON HEALTHCARE et al.,    :
                              :
            Defendants.       :
_____:
                              :
RONNIE DAVIS,                 :
                              :
            Plaintiff,        :   Civil Action No. 13-4610 (RMB)
      v.                      :
                              :
CORIZON HEALTHCARE et al.,    :
                              :
            Defendants.       :
_____:
                              :
RONNIE DAVIS,                 :
                              :
            Plaintiff,        :   Civil Action No. 13-5365 (RMB)
      v.                      :
                              :
CORIZON HEALTHCARE et al.,    :
                              :
            Defendants.       :
_____:
```

**MEMORANDUM OPINION AND ORDER**
**APPLIES TO ALL ACTIONS**

**BUMB**, District Judge:

These matters come before the Court upon the Clerk's receipt of Plaintiff's letter sent to Brett Justin Lean, Esq. ("Mr. Lean") of Burns White, LLC, a law firm holding office at 51 Haddonfield Road, Cherry Hill, New Jersey 08002, see Davis v. Cumberland County Dep't Corr. ("Cumberland County"), Civ. Action No. 13-3028, ECF No. 4, and it appearing that:

During the period from April 24, 2013, to September 3, 2013, Plaintiff commenced the above-captioned sixteen actions in this District, raising a multitude of claims the bulk of which were duplicative and facially meritless; however, a handful of these claims, albeit insufficiently pled, did not warrant dismissal without leave to amend. See Cumberland County, ECF Nos. 2 and 3 (detailing the same at length). Therefore, this Court dismissed the bulk of Plaintiff's challenges with prejudice but allowed him an opportunity to amend those that appeared to be potentially curable by repleading. See id. No statement in the Court's Order or accompanying Opinion expressed this Court's position that Plaintiff's challenges were or might eventually prove to be potentially meritorious or that the appointment of pro bono counsel was warranted. See id., ECF Nos. 2 and 3.[1]

---

[1] In determining whether to grant a litigant's motion for appointment of pro bono counsel under Section 1915(e)(1), the court must consider the following factors: (1) the plaintiff's ability to present his or her case; (2) the complexity of the legal issues involved; (3) whether the claims are likely to require extensive discovery; and (4) whether the case is likely to turn on credibility determinations or if expert testimony is

However, on October 11, 2013, the Clerk received a letter Plaintiff sent to Mr. Lean. See Cumberland County, ECF No. 4. The letter stated, inter alia, that this Court appointed Mr. Lean to represent Plaintiff in a certain "civil lawsuit." See id. at 1. That statement was made with an unambiguous intent to

---

necessary. See Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). Hence, the district court should give a consideration to appointing counsel only of it appears that an indigent plaintiff raises a claim of arguable merit. See Tabron, 6 F.3d at 156 ("[T]he district court must consider as a threshold matter the merits of the plaintiff's claim. 'Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law'") (quoting, inter alia, Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981), which, in turn, quoted Spears v. United States, 266 F. Supp. 22, 25-26 (S.D.W. Va. 1967)).

> [T]he presence of a potentially meritorious claim is a threshold requirement for appointment of counsel. See Tabron, 6 F.3d at 156; Maclin, 650 F.2d at 887; Spears, 266 F. Supp. at 25-26; accord Parham [v. Johnson], 126 F.3d [454,] 457 [(3d Cir. 1997)] (appointment of counsel is warranted only if the pleading contains "some merit in fact and law"). This gateway requirement is closely intertwined with the prohibition on appointed counsel's maintaining frivolous claims. "Under Anders v. California, 386 U.S. 738 (1967), if court-appointed 'counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.'" United States v. Parker, 2012 U.S. App. LEXIS 14525, at *4 (3d Cir. July 16, 2012) (quoting Anders, 386 U.S. at 744).

Bacon v. Mandell, 2012 U.S. Dist. LEXIS 132231, at *40-41 (D.N.J. Sept. 14, 2012). Thus, until and unless the court screening a pleading for sua sponte dismissal finds that the claim is sufficiently pled to qualify as potentially meritorious, appointment of pro bono counsel cannot take place.

Page 6

perpetrate a fraud on this Court and on Mr. Lean, in his capacity as an officer of the court. See generally, id., ECF No. 4.

Federal Rule of Civil Procedure 11 requires that the party making a submission to the court make a reasonable inquiry into both the facts and law.[2] See Schering Corp. v. Pharmaceuticals, Inc., 889 F.2d 490, 496 (3d Cir. 1989). Sanctions under Rule 11 do not even require a showing of bad faith: the party to be sanctioned need only have engaged in objectively unreasonable conduct in making the submission at issue. See In re Taylor, 655 F.3d 274, 282 (3d Cir. 2011). Needless to say, filings made in bad faith or for an improper purpose, necessarily violate Rule 11. See Lony v. E.I. Du Pont de Nemours & Co., 935 F.2d 604, 616 (3d Cir. 1991).

Here, Plaintiff ignored the facts known to him from the Court's prior Opinion and Order. Even worse, Plaintiff intentionally and affirmatively misrepresented this Court's findings and the Court's Order to Mr. Lean with the goal to obtain Mr. Lean's unauthorized submissions to this Court.

---

[2] Specifically, Rule 11(b) provides: "By presenting to the court a pleading, written motion, or other paper [such as letters to third parties that might be relied upon by the court] — whether by signing, filing, submitting, or later advocating it — an . . . unrepresented party certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose . . . ; [and] (2) the . . . contentions are warranted by existing law . . . ."

Page 7

Although the Court does not hold Plaintiff, who is proceeding pro se, to the same standard applicable to an attorney, the obligations of Rule 11 still apply to him.  See, e.g., Toll v. American Airlines, Inc., 166 F. App'x 633, 637 (3d Cir. 2006) (affirming award of monetary sanctions under Rule 11 against a pro se plaintiff).  This Court, therefore, will not sanction Plaintiff at this juncture.  However, this Court notes its grave concern with Plaintiff's actions and, hence, takes this opportunity to warn Plaintiff that, in the event Plaintiff misrepresents this Court's findings to any third party or makes submissions to this Court (or submissions that might be presented to this Court by third parties) other than those strictly complying with the Court's prior Order issued in the above-captioned matters, such action will be addressed by appropriate sanctions, including dismissal.

IT IS, therefore, on this **19th** day of **March 2014**,

**ORDERED** that Plaintiff's application for appointment of pro bono counsel, if such was intended, is denied as premature at this juncture; and it is further

**ORDERED** that Plaintiff is hereby issued his first and last warning that fraud on this Court or on the third parties who might make submissions to this Court on Plaintiff's behalf will not be tolerated; and it is further

**ORDERED** that, in the event Plaintiff makes any other fraudulent submissions to this Court or third parties, Plaintiff may be sanctioned, by, inter alia, having the leave to amend issued to him withdrawn, and all Plaintiff's pleadings conclusively dismissed as meritless; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**